IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRADLEY SCOTT BROKAW, GORDON BROKAW AND DEBBIE BROKAW, individuals,<br><br>  Plaintiffs,<br><br>vs.<br><br>SALT LAKE COUNTY, a political subdivision of the State of Utah; JORDAN SCHOOL DISTRICT, a political subdivision of the State of Utah; BEN BOLDUC, an individual; SCOTT TAGGART, an individual; and JOHN DOES I-X, individuals,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br><br>Case No. 2:06-CV-729 TS |

This matter is before the Court on Defendant Jordan School District and Scott Taggart's ("Defendants") Motion to Dismiss and Plaintiffs' Motion for Leave to File First Amended Complaint. The Court heard oral argument on the Motions on July 17, 2007. Having considered the arguments of counsel and the materials in the file, the Court will grant in part and deny in

part Defendants' Motion to Dismiss and will grant in part and deny in part Plaintiffs' Motion to Amend.

## I. STANDARDS

A.   RULE 12(b)(1)

"Rule 12(b)(1) motions generally take one of two forms. First, a moving party may make a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction."[1] "Second, a party may go beyond allegation contained in the complaint and challenge the facts upon which subject matter jurisdiction is based."[2] "In reviewing a factual attack, a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'"[3] "[A] court's reference to evidence outside the pleadings does not covert the motion into a Rule 56 motion."[4]

B.   RULE 12(b)(6)

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[5] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face."[6] All well-pleaded factual allegations in the

---

[1] *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).

[2] *Id*.

[3] *Id*. (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)).

[4] *Id*.

[5] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[6] *Bell Atlantic Corp. v. Twombly*, ___ U.S. __, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to

amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[7] But, the court "need not accept conclusory allegations without supporting factual averments."[8] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[9]

## II.  MOTION TO DISMISS

Defendant Jordan School District and Scott Taggart's Motion to Dismiss raises the following arguments: (1) the District cannot be sued under § 1983 because it has no legal capacity apart from its Board of Education; (2) Principal Taggart is not affirmatively linked to any alleged constitutional violation; (3) Plaintiffs lack standing to seek injunctive relief; (4) Plaintiffs Gordon and Debbie Brokaw lack standing; (5) the Court lacks subject matter jurisdiction over the state constitutional claims and negligence claim against Taggart and the District; and (6) the state constitution-based claims fail because Plaintiffs are not entitled to assert or to recover damages for alleged violations of the state constitution.

---

plausible").

[7] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[8] *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

A.     STANDING

   1.     *Standing to Seek Injunctive Relief*

"Article III requires that a litigant have standing to bring a federal claim. . . . To demonstrate standing, a plaintiff must allege actual or threatened personal injury, fairly traceable to the defendant's unlawful conduct and likely to be redressed by a favorable decision of the court."[10]  "Abstract injury is not enough.  The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as a result of the challenged official conduct and the injury or threat of injury must be both real or immediate, not conjectural or hypothetical."[11]  Plaintiffs "seeking prospective relief must show more than past harm or speculative future harm."[12]  "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, . . . if unaccompanied by any continuing, present adverse effects."[13]  "[T]he fact of past injury does not confer standing to seek prospective injunctive relief without some credible threat of future injury."[14]

Here, Plaintiffs have alleged a single act of past wrongdoing.  Plaintiffs have shown no credible threat of future injury.  Any future injury is far too speculative for the Court to allow Plaintiffs to continue to seek injunctive relief.  Thus, Plaintiffs lack standing to seek prospective injunctive relief.

---

[10]*Foremaster v. City of St. George*, 882 F.3d 1485, 1487 (10th Cir. 1989) *cert. denied*, 495 U.S. 910 (1990).

[11]*City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983).

[12]*Riggs v. City of Albuquerque*, 916 F.2d 582, 586 (10th Cir. 1990).

[13]*O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974).

[14]*Winsness v. Yocom*, 433 F.3d 727, 735 (10th Cir. 2006).

2.    *Standing as to Gordon and Debbie Brokaw*

Defendants argue that Gordon and Debbie Brokaw, the parents of Brad Brokaw, cannot assert § 1983 claims on behalf of Brad as he is now an adult.

The Supreme Court adheres "to the rule that a party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'"[15] The Court has recognized "that there may be circumstances where it is necessary to grant a third party standing to assert the rights of others."[16] A party seeking third-party standing must make two additional showings: (1) that the party asserting the right has a close relationship with the person who possesses the right; and (2) that there is a hindrance to the possessor's ability to protect his own interests.[17]

Here, it is undisputed that Gordon and Debbie Brokaw have a close relationship with their son Brad. However, there is no evidence to suggest that there is a hindrance to Brad Brokaw's ability to protect his own interests. Brad is an adult and has filed the Complaint as an adult. While the injury did occur while Brad was a minor, there is nothing to suggest that Brad is currently unable to protect his own interests.

Gordon and Debbie Brokaw also argue that they have standing to seek relief on their own for deprivation of familial association. "Not every statement or act that *results* in an interference with the rights of intimate association is actionable. Rather, to rise to the level of a constitutional

---

[15] *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

[16] *Id*.

[17] *Id*.

claim, the defendant must *direct* his or her statements or conduct at the intimate relationship with knowledge that the statements or conduct will adversely affect that relationship."[18]

Here, Plaintiffs' Complaint is completely devoid of any suggestion that the actions of the Defendants were directed at the intimate relationship between Brad Brokaw and his parents with the knowledge that their conduct would adversely affect that relationship. Further, if the Court were to adopt Plaintiffs' rationale and take it to its logical conclusion, a parent would be entitled to bring suit for deprivation of familial association any time that a tort is committed upon their child. Such a conclusion is not warranted under the case law. As a result, Plaintiffs Gordon and Debbie Brokaw lack standing to bring this action and will be dismissed.

B.   WHO MAY BE SUED

   1.   *Jordan School District*

Defendant Jordan School District argues that it does not have the ability to be sued apart from its Board of Education. Defendant School District argues that Plaintiffs' Complaint should be directed at the Board of Education, not the School District. Plaintiffs have agreed, in their proposed Amended Complaint, to substitute the Board of Education for the School District. Therefore, there is no need for the Court to rule on this issue.

   2.   *Scott Taggart*

"To prevail on a claim for damages for a constitutional violation pursuant to 42 U.S.C. § 1983, a plaintiff must establish the defendant acted under color of state law and caused or contributed to the alleged violation."[19] A plaintiff must show that the defendant personally

---

[18] *Griffin v. Strong*, 983 F.2d 1544 (10th Cir. 1993).

[19] *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996).

participated in the alleged violation.[20] Conclusory allegations are not enough to satisfy this burden.[21]

There is no concept of strict supervisor liability under § 1983.[22] But a state actor who participated in a violation in a supervisory role may incur liability.[23] It is not enough, however, "for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, just as with any individual defendant, the plaintiff must establish 'a deliberate, intentional act by the supervisor to violate constitutional rights.'"[24] In order to satisfy this standard, a plaintiff must show that "the defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance."[25]

Here, Plaintiffs have failed to show that Taggart directed the violation or had actual knowledge of the violation and acquiesced in its continuance. The only allegations contained in the Complaint that relate to Defendant Taggart are as follows: he summoned Plaintiff Brad Brokaw to his office in connection with an alleged truancy;[26] after Brad left the office he

---

[20]*Id*.

[21]*Id*.

[22]*Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005).

[23]*Jenkins*, 81 F.3d at 994.

[24]*Id*. at 994–95 (quoting *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992)).

[25]*Id*. at 995.

[26]Docket No. 1, Exhibit A, at ¶ 13.

instructed Defendant Bolduc to apprehend him;[27] and after Brad was injured he did nothing to relieve his distress.[28] Plaintiffs' allegations contained in their proposed Amended Complaint do not remedy this. The proposed Amended Complaint only adds that Defendant Taggart witnessed Deputy Bolduc take Brad "to ground"[29] and witnessed Defendant Bolduc place handcuffs on him.[30] Such actions are insufficient under § 1983.

During oral argument, Plaintiffs, for the first time, asserted that Defendant Taggart's order to detain Brokaw was unlawful. The Court requested further briefing on this issue, which was completed on July 20, 2007.[31]

At the time of the incident, Utah Code Ann. § 53A-11-105(1) stated that "[a] peace officer, truant, officer, or public school administrator may take a minor into temporary custody or issue a truancy citation, or both, if there is reason to believe the minor is a truant minor." A truant minor is defined as "any school-age minor who is subject to the state's compulsory education law and who is absent from school without a legitimate or valid excuse."[32]

Plaintiffs' Complaint states that Brad Brokaw was summoned to Defendant Taggart's office in connection with an alleged truancy.[33] After approximately fifteen minutes, Brad left the

---

[27] *Id.* at ¶ 16.

[28] *Id.* at ¶ 31.

[29] Docket No. 27, at ¶ 23.

[30] *Id.* at ¶ 29.

[31] *See* Docket Nos. 37 and 40.

[32] Utah Code Ann. § 53A-11-101(1)(f) (2005).

[33] Docket No. 1, Exhibit A, at ¶¶ 2, 13.

office.[34]  Defendant Taggart then instructed Defendant Bolduc to handcuff Brad and take him into detention.[35]  Under the statute listed above, Defendant Taggart had the authority to order Defendant Bolduc to take Brad into custody.  Plaintiffs' argument that Defendant Taggart did not have the authority to order Brad to be handcuffed, even if he had the authority to detain him, is without merit.  The statute does not limit the ways in which an authorized individual may take a minor into temporary custody.  The Plaintiffs have offered no rationale to convince the Court that it should rule that handcuffing a minor truant in order to affect temporary custody is illegal or unreasonable.

Plaintiffs fail to state a § 1983 claim against Defendant Taggart and his Motion to Dismiss will be granted.

C.     SUBJECT MATTER JURISDICTION

Defendants argue that the Court lacks subject matter jurisdiction over the state constitutional claims against the District and Principal Taggart and the negligence claims against Taggart.

   *1.     Negligence Claims*

Plaintiffs, in their proposed Amended Complaint, remove their cause of action for negligence against all parties.  Thus, there is no need to determine this issue and the Court will allow this amendment.

---

[34]*Id*. at ¶¶ 14–15.

[35]*Id*. at ¶ 16.

      2.      *State Constitutional Claims*

Defendants argue that Plaintiffs may not bring their claim under Article I, Section 1 of the Utah Constitution because that provision is not self-executing. Defendants also argue that Plaintiff have failed to meet the three-part test set out in *Spackman v. Bd. of Educ*,[36] in order to proceed with their suit for damages.

      a.      *Article I, Section 1*

Under Utah law

> [a] constitutional provision is self-executing if it articulates a rule sufficient to give effect to the underlying rights and duties intended by the framers. In other words, courts may give effect to a provision without implementing legislation if the framers intended the provision to have immediate effect and if 'no ancillary legislation is necessary to the enjoyment of a right given, or the enforcement of a duty imposed. . . .' Conversely, constitutional provisions are not self-executing if they merely indicate a general principle or line of policy without supplying the means for putting them into effect.[37]

Article I, Section 1 states:

> All men have the inherent and inalienable right to enjoy and defend their lives and liberties; to acquire, possess and protect property; to worship according to the dictates of their consciences; to assemble peaceably, protest against wrongs, and petition for redress of grievances; to communicate freely their thoughts and opinions, being responsible for the abuse of that right.[38]

The Utah Supreme Court has not addressed whether Article I, Section 1 is self-executing. This Court, through Judge Cassell, however, has found Article I, Section 1 to be self-executing.[39]

---

[36] 2000 UT 87, ¶¶ 22–25, 16 P.3d 533.

[37] *Id.* at ¶ 7 (quoting *Bott v. DeLand*, 922 P.2d 732, 737 (Utah 1996)).

[38] Utah Const. art I, § 1.

[39] *P.J. ex rel. Jensen v. Utah*, 2006 WL 1702585, at *14 (D. Utah 2006) (stating that "Utah citizens' ability to enjoy their "inherent and inalienable right to enjoy and defend their lives and liberties" is not contingent upon implement legislation.").

For the purposes of this Motion, the Court can assume, without deciding, that Article I, Section 1 is self-executing.

### b.     *Spackman* Elements

In *Spackman*, the court held that a "court's ability to award damages for violation of a self-executing constitutional provision rests on the common law."[40] The court then established a three-part test to ensure that damage actions are permitted only under appropriate circumstances.[41] First, Plaintiff must establish that he suffered a flagrant violation of his constitutional rights.[42] Second, Plaintiff must establish that existing remedies do not redress his injuries.[43] Third, Plaintiff must establish that equitable relief, such as an injunction, was and is wholly inadequate to protect his rights or redress his injuries.[44]

Here, Defendants argue that Plaintiffs cannot meet the second element which requires Plaintiffs to establish that existing remedies do not redress their injuries. Defendants argue that Plaintiffs remedies under their other causes of action are sufficient to redress their injuries.

At this early state of the litigation, it is difficult to tell whether damages would be appropriate. The issue of whether existing federal law remedies provide sufficient redress for a

---

[40] *Spackman*, 2000 UT 87, at ¶ 20.

[41] *Id.* at ¶¶ 22–25.

[42] *Id.* at ¶ 23.

[43] *Id.* at ¶ 24.

[44] *Id.* at ¶ 25.

state constitutional claim is still an open question.[45]  Thus, at this point, the Court will deny

Defendants' Motion to Dismiss on this ground.

### III.  MOTION TO AMEND

Plaintiffs filed their Motion for Leave to File First Amended Complaint in response to Defendants Motion to Dismiss.  The Amended Complaint: (1) attempts to bolster Plaintiffs' § 1983 claim against Taggart; (2)  removes a cause of action for negligence against all Defendants; (3) removes Plaintiffs' claim under Article I, Section 15 of the Utah Constitution; (4) adds a claim under the unnecessary rigor clause, Article I, Section 9, of the Utah Constitution; and (5) adds a cause of action for an intentional tort against Defendant Bolduc.

Defendants Taggart and Jordan School District oppose the Motion to Amend and argue that amendment of the Complaint would be futile.  Specifically, Defendants Taggart and Jordan School District argue that the Amended Complaint does not remove Gordon and Debbie as Plaintiffs, fails to cure the defects in Plaintiffs' claim for injunctive relief, and  fails to cure the defects in Plaintiffs' § 1983 claims against Taggart.  As discussed above, Defendants Gordon and Debbie Brokaw lack standing to bring suit, Plaintiffs' lack standing to seek prospective injunctive relief, and Plaintiffs' § 1983 claims against Defendant Taggart fail. Thus, Plaintiffs' Motion to Amend would be futile in these respects.

Defendant Bolduc argues that Plaintiffs' claim under Article I, Section 9 of the Utah Constitution and intentional tort claim are time-barred.

---

[45]*Id*. at ¶ 24, n.10 ("We do not reach the question of whether existing federal law remedies should preclude a state court from awarding damages for a state constitutional tort."

Fed.R.Civ.P. 15(a) provides that leave to amend a party's complaint "shall be freely given when justice so requires."  A court may, however, dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint.[46]

A.     PLAINTIFFS' § 1983 CAUSE OF ACTION AGAINST TAGGART

In their Amended Complaint, Plaintiffs add additional allegations involving Defendant Taggart in order to bolster their § 1983 claim against him.  As discussed above, these additional allegations fail to cure the defects of the original Complaint.  Plaintiffs' attempts to amend their Complaint are futile in this respect and Plaintiffs' § 1983 cause of action will be dismissed as against Defendant Taggart.

B.     REMOVAL OF NEGLIGENCE CAUSE OF ACTION

As noted above, Plaintiffs' Amended Complaint removes their negligence cause of action.  The Court will permit Plaintiffs to amend their Complaint to reflect this change.

C.     REMOVAL OF ARTICLE I, SECTION 15 CAUSE OF ACTION

Plaintiffs have offered no explanation to the removal of their cause of action under Article I, Section 15; however, Defendants have not objected to its removal.  Thus, Plaintiffs will be allowed to amend their Complaint to make this change.

D.     ARTICLE I, SECTION 9 CAUSE OF ACTION

Plaintiffs seek to add a claim under Article I, Section 9 of the Utah Constitution.  At oral argument, Defendants conceded that Plaintiffs' amendment was well taken.  As Article I, Section 9, of the Utah Constitution is a self-executing provision,[47] the Notice of Claim provision of the

---

[46] *Hall*, 935 F.2d at 1110.

[47] *Bott*, 922 P.2d at 737–38.

Governmental Immunity Act is inapplicable.[48]  Therefore, Plaintiffs will be allowed to amend their Complaint to add a cause of action under Article I, Section 9.

E.     INTENTIONAL TORT CAUSE OF ACTION

Defendant Bolduc argues that Plaintiffs' intentional tort cause of action was not set out in their Notice of Claim and is now time barred.  Defendant Bolduc also argues that he is immune from the intentional tort claim under the Governmental Immunity Act.

   *1.     Sufficiency of the Notice*

The Governmental Immunity Act requires a plaintiff to file a Notice of Claim before suit may be brought.  Under the Governmental Immunity Act, a notice of claim must contain "(i) brief statement of the fact; (ii) the nature of the claim asserted; (iii) the damages incurred by the claimant so far as they are known; and (iv) if the claim is being pursued against a governmental employee individually . . . the name of the employee."[49]  "The purpose of the notice 'is to provide the governmental entity an opportunity to correct the condition that caused the injury, evaluate the claim, and perhaps settle the matter without the expense of litigation.'"[50]  While courts require strict compliance with the Notice of Claim procedure, they "have not required that such notices 'meet the standards required to state a claim for relief.'"[51]  "Rather, a plaintiff need

---

[48] *Hueghs Land, LLC v. Holladay City*, 2005 UT App. 202, ¶¶ 11-13, 113 P.3d 1024.

[49] Utah Code Ann. § 63-30d-401(3)(a).

[50] *Houghton v. Dept. of Health*, 2005 UT 63, ¶ 20, 125 P.3d 860 (quoting *Pigs Gun Club, Inc. v. Sanpete County*, 2002 UT 17, ¶ 10, 42. P.3d 379).

[51] *Id*. at ¶ 21 (quoting *Peeples v. State*, 2004 UT App 328, ¶ 11, 100 P.3d 254).

only include 'enough specificity in the notice to inform as to the nature of the claim so that the defendant can appraise its potential liability.'"[52]

Under this standard, Plaintiffs' Notice of Claim is sufficient to inform Defendant Bolduc of a potential intentional tort cause of action.  The Notice gives a brief statement of the facts, the nature of the claims asserted, the damages incurred, and the claims being pursued against Defendant Bolduc.  The Notice also specifically states that Bolduc's conduct constituted willful misconduct and that claims were being pursued against him.  Thus, the Notice is sufficient.

   2.  *Timing and Relation Back*

As noted above, the Governmental Immunity Act requires a plaintiff to file a Notice of Claim before suit may be brought.  A Notice of Claim is required to be filed within one year after the claim arises.[53]  A Notice of Claim is considered denied if not approved by the governmental entity within sixty days.[54]  The claimant must then bring an action within one year after denial of the claim.[55]  The events here occurred on March 18, 2005, and the Notice was filed on August 10, 2005.  The Notice was deemed denied on October 8, 2005.  The Complaint was filed on August 9, 2006, well within the one-year period.  Defendant Bolduc argues that since the Amended Complaint was not filed until March 8, 2007, Plaintiffs' claim is barred by the one-year limitations period.  Plaintiffs argue that the intentional tort claim relates back to the filing of the original Complaint and is, therefore, within the one-year period.

---

[52]*Id*. (quoting *Yeasley v. Jensen*, 798 P.2d 1127, 1129 (Utah 1990).

[53]Utah Code Ann. § 63-30d-402.

[54]*Id*. § 63-30d-403(1)(b).

[55]*Id*. § 63-30d-403(2)(b).

Fed.R.Civ.P. 15(c)(2) provides that an amendment to the pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  Here, Plaintiffs' intentional tort claim arises out of the same conduct as that set out in the original Complaint.  Therefore, Plaintiffs' intentional tort claim relates back and Plaintiffs' attempt to amend their Complaint is not futile in this respect.

### 3. *The Governmental Immunity Act*

For the first time at oral argument, Defendant Bolduc argued that the intentional tort claim is barred by the Governmental Immunity Act.  The Court permitted additional briefing on this issue which was complete by July 20, 2007.[56]  Plaintiffs respond by arguing that the Governmental Immunity Act does not shield individual employees who commit intentional torts.

The Governmental Immunity Act of Utah states that no civil action may be brought against a governmental employee, whose act or omission gave rise to the claim, unless the employee acted or failed to act through fraud or willful misconduct.[57]  Willful misconduct "means the intentional doing of a wrongful act, or the wrongful failure to act, without just cause or excuse, where the actor is aware that his conduct will probably result in injury."[58]  Here Plaintiffs' Complaint sufficiently alleges that Defendant Bolduc acted through willful misconduct.  Therefore, Plaintiffs' proposed amendment would not be futile and Plaintiffs will

---

[56] *See* Docket No. 40.

[57] Utah Code Ann. § 63-30d-202(3)(c).

[58] *Id*. § 63-30d-102(10).

be permitted to amend their Complaint to add a claim of intentional tort against Defendant Bolduc.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 15) is GRANTED IN PART AND DENIED IN PART.  It is further

ORDERED that Plaintiffs' Motion for Leave to File First Amended Complaint (Docket No. 26) is GRANTED IN PART AND DENIED IN PART.  Plaintiffs are granted leave to file and amended complaint consistent with this decision within thirty (30) days.

DATED   August 1, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge