IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRADLEY SCOTT BROKAW,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SALT LAKE COUNTY, a political subdivision of the State of Utah; BOARD OF EDUCATION OF JORDAN SCHOOL DISTRICT, a political subdivision of the State of Utah; BEN BOLDUC, an individual; SCOTT TAGGART, an individual; and JOHN DOES I – X, individuals,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL [75]**<br><br>Civil No. 2:06CV729 TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge David Nuffer |

The court is considering a motion to compel the Board of Education of Jordan School District (School District) to produce data in response to a request for production.[1]

**Nature of the Case**

"Plaintiff's Complaint alleges that in the course and scope of his employment, Deputy Bolduc unreasonably seized [Riverton High School student] Brad Brokaw for the non-crime of truancy, used excessive force, and caused Brad to have a massive subdural hemotoma and severe, permanent injuries. Plaintiff also alleges a custom or policy pursuant to which the injuries occurred."[2] "The issues in this case include whether the District and the County have policies or practices that violate students' rights through corporal punishment or the use of

---

[1] Motion to Compel at 5, docket no. 75, filed October 14, 2008.

[2] Memorandum in Support of Motion for Order Requiring Production of Records at 2, docket no. 71, filed September 29, 2008.

excessive force, such as handcuffing students to discipline them, or through arresting students for non-criminal conduct."[3]

## Discovery Dispute

In this discovery dispute, Plaintiff seeks a court order requiring limited searches for specified terms from the computer databases at all of the School District's middle and high schools.[4] "In his First Set of Discovery to . . . the School District . . . , Plaintiff requested information and documents related to other incidents of handcuffing and arrest of students – the same conduct that is at issue in this litigation."[5] The School District objected to the burden of the discovery because the data management system used by the school district "does not have a centralized database but instead has separate databases at each middle and high school." [6] According to the School District, "PowerSchool was never intended to serve as the official District database for managing district-level student information."[7]

The School District also objected because "the competence of each school's Power School administrator 'varies' and includes 'administrators who can only perform simple data input and retrieval operations.'"[8] When Plaintiff proposed providing a technical expert to act as a data interrogator, the School District objected that privacy laws would prevent this approach.[9]

---

[3] Memorandum in Support of Motion to Compel (Memorandum in Support) at 5, docket no. 73, filed October 14, 2008.

[4] Memorandum in Support at 2.

[5] Memorandum in Support at 2, referring Interrogatories 6-13, 17, 20-21 and Requests for Production 1 and 8-14 in [Plaintiff's] First Set of Discovery to Board of Education of Jordan School District attached to Memorandum in Support as Exhibit A.

[6] Memorandum in Support at 3 (quoting letter from Matthew D. Bates to Kathleen McDonald (April 22, 2008) at 1, attached as Exhibit E to Memorandum in Support).

[7] Defendant Board of Education of Jordan School District Memorandum in Opposition to Plaintiff's Motion to Compel (Memorandum in Opposition) at 4, docket no. 77, filed November 3, 2008.

[8] Memorandum in Support at 3 (quoting letter from Matthew D. Bates to Kathleen McDonald (April 22, 2008)).

[9] Memorandum in Support at 4 (quoting letter from David N. Wolf to Kathleen McDonald (August 28, 2008) at 1, attached as Exhibit G to Memorandum in Support).

The School District also objected that "the probative value of the information [sought] is disputable . . . [b]ecause the information is on localized databases [at each school] and is not accessible by the Board . . . ."[10] "Accordingly, the discovery of these records cannot form the basis of the board's knowledge of a pattern of excessive force, even in the unlikely event that the records revealed such conduct."[11]

The School District did provide the requested database information from Riverton High School,[12] and those records did show arrest and handcuffing incidents.

## DISCUSSION

The School District's objection that there was a failure to meet and confer[13] is factually unsupported. Several letters were exchanged on the topic raised in this motion.[14]

Similarly, the School District's irrelevance argument is not valid. The formulation of its relevance argument depends on its assessment of the theory of Plaintiff's case *and* acceptance of the School District's version of the facts. While it may turn out to be true that the Board and its officers may not have access to the individual school databases, it may also turn out to be otherwise. It may also be that the Board and its officers *should have had access* and that prevalence of incidents would show the gravity of a failure to inquire. Evidence of incidents would give Plaintiff foundation to investigate the knowledge – or improper lack of knowledge of the Board and its officers. Plaintiff alleges failure to train and supervise, and the existence of

---

[10] Letter from Matthew D. Bates to Kathleen McDonald (April 22, 2008) at 2.

[11] Memorandum in Opposition at 2.

[12] Memorandum in Support at 2-3; Memorandum in Opposition at 3.

[13] Memorandum in Opposition at 7-8.

[14] See letters between counsel attached as Exhibits D, E, F and G to Memorandum in Support.

established informal policies.[15]  Records of incidents are fundamental to understanding whether there is any merit to these claims.

The  School District's burdensomeness argument is multi-faceted.  First, the School District's proposal that separately provided injury reports[16] cover the subject ignores the fact that all uses of excessive force may not result in reported injuries.  Further, the issue is not injuries, but policies, training and supervision for which incidents, not merely injuries, would be probative.  Second, the School District also suggests Plaintiff should subpoena non-party "law enforcement agencies charged with arresting and detaining truant students"[17] which also imposes another filter on the data.  Arrests and reports may not result in all cases.[18]  Plaintiff provided one example already known where the County did not report an incident which was reported by the School District.[19]

The most compelling argument that the proposed discovery is excessively burdensome is founded on the technology.  The School District's claim that it has inadequate personnel and tools is well supported, compelling and highly credible.[20]  Therefore, the protocol proposed by Plaintiff's technical expert was of great interest to the court, as it suggested that Plaintiff could carry the burden of an industry-standard query of the proprietary School District databases.[21]

But because the technology issues were not well-developed in the original briefing, the court ordered "the parties' technical experts [to] meet and confer in person at the site of the

---

[15] Reply Memorandum in Support of Motion to Compel (Reply Memorandum) at 9, docket no. 78, filed December 1, 2008.

[16] Memorandum in Opposition at 12.

[17] *Id*.

[18] Reply Memorandum at 13.

[19] *Id.*

[20] Memorandum in Opposition at 11-13.

[21] Affidavit of David Clark attached as Exhibit A to Reply Memorandum.

Riverton High School PowerSchool server to discuss the technical feasibility of the protocol proposed"[22] by Plaintiff's technical expert.  Then, counsel were ordered to "file a joint report outlining their respective positions on the technical feasibility of the protocol proposed" by Plaintiff's technical expert.[23]

"On December 9, 2008, the parties' technical representatives met at Riverton High School . . . ."[24]  Thereafter, on December 18, 2008, the parties filed their respective reports from that meeting.[25]  The parties agree that the protocol originally proposed by Plaintiff's technical expert will not work with the School District's proprietary database.

Plaintiff therefore proposed three alternative protocols.  The first would run searches at each school, exporting data and running queries on a new database of data extracts.[26]  The second would require a technical modification to the database at each school to permit queries by an industry standard method.[27]  The third would involve remote access by the database seller/distributor, which Plaintiff admitted might be entirely unwilling to participate.[28]

The third alternative is therefore not feasible on this record.  The first alternative, while technically feasible, does nothing to reduce the significant burden on the schools which do not have resources to make this effort.  The second alternative is also technically feasible but requires the unwise modification of the databases to permit queries.  While this may turn out to be entirely trouble free, this proposal is also too invasive of School District resources.

---

[22] Order, docket no. 81, filed December 3, 2008.

[23] *Id.*

[24] Defendant Board of Education of Jordan School District's Report on the Technical Feasibility of the Protocol Proposed by David Clark and Request for Hearing at 2, docket no. 85, filed December 18, 2008.

[25] *Id.*; Plaintiff's Report on Technical Feasibility on Compliance with Order Dated December 3, 2008 (Plaintiff's Report), filed December 18, 2008.

[26] Plaintiff's Report at 3-4.

[27] *Id.* at 4.

[28] *Id.* at 4-5.

While the information sought is relevant and discoverable, none of the methods proposed by Plaintiff provide a sufficiently minimal burden on the School District given the technology in use by the School District.

### Privacy Issues

The parties have also argued[29] the impact of the Family Educational Rights and Privacy Act (FERPA).[30] While various of the Plaintiff's proposals would eliminate transfer of information subject to FERPA,[31] no such proposal has been accepted by the court, and therefore no ruling is made on the impact of FERPA. However, the court notes that the provision cited by Plaintiff permitting disclosure in connection with a court order[32] does not appear to permit disclosure without parental notification in civil discovery.[33]

### ORDER

IT IS HEREBY ORDERED that the motion to compel[34] is DENIED.

DATED this 30th of December, 2008.

BY THE COURT

_____
David Nuffer, US Magistrate Judge

---

[29] Memorandum in Opposition at 14-15.

[30] 20 U.S.C. §1232g.

[31] Memorandum in Support at 2 n.4.

[32] Plaintiff's Report at 2.

[33] 31 CFR §99.31(a)(9); Memorandum in Opposition at 14 n.3.

[34] Motion to Compel, docket no. 75, filed October 14, 2008.